GURDON MILLER v. THE EAGLE LIFE and HEALTH INSURANCE COMPANY.

The order entered upon the affirmance, at general term, of an order denying a motion for a new trial on a case made, after verdict, should not include a direction that the judgment, where one has been docketed, be affirmed.

An affirmance of the judgment is only proper when the judgment itself is the subject of the appeal.

Accordingly, after an order denying a motion for a new trial has been affirmed, if the moving party desires a formal affirmance of the judgment in order to carry the cause to the Court of Appeals, he must again bring the case before the general term by appealing from the judgment.

Where, after verdict, the defendant took the usual steps to have the cause heard upon a motion for a new trial on a case made, but the plaintiff entered judgment upon the verdict and served a notice thereof whereby the thirty days within which an appeal from the judgment must be taken would expire before the final disposition of the motion for a new trial; the court, on an application to vacate the judgment and notice, deeming the case a proper one for a stay of proceedings, allowed the judgment to remain as security to the plaintiff, but set aside the notice.

Where a judgment has been opened and a new trial ordered, but the judgment allowed to stand as security, a new judgment may be entered for the amount recovered on the second trial, without reference to the previous judgment.

But a plaintiff having obtained a verdict, and having entered judgment thereon pending the defendant's proceedings to obtain, by motion, a new trial on a case made, was allowed at his option, after the affirmance of an order denying a new trial, to vacate the judgment and enter a new one so as to include therein all the costs, or let the judgment remain and serve a notice thereof, a previous notice given by him, when the judgment was docketed, having been set aside.

APPEAL from an order. The cause having been tried by a jury and a verdict having been rendered for the plaintiff, the defendants made a case and moved thereon for a new trial, which was denied at a special term. Pending an appeal therefrom, to the general term, the plaintiff docketed a judgment upon the verdict for $1,450 53, and served a notice thereof upon the defendants, who thereupon moved to vacate the judgment and notice for irregularity. This motion was decided December 27, 1852, by permitting the judgment to stand as security, but setting aside the notice.

On the 4th of February, 1854, at about the close of the January general term, the order denying a new trial was affirmed. Through the inadvertence of a clerk or attorney, in entering, on the 7th of February, the order upon this affirmance, a direction was added that the judgment be affirmed, although the appeal was from the order refusing a new trial, and no appeal had then as yet been taken from the judgment.

On the 4th of May, 1854, the defendants made a special motion, which resulted in an order, at special term, vacating, in the first place, the portion of the order of February 7, which directed the affirmance of the judgment, and in the second place, requiring the entry of a new judgment of affirmance.

This order now came up, by appeal, for review at the general term.

After the disposition of this appeal in the manner stated at the close of the opinion which follows, the plaintiff served a formal notice of the judgment already docketed as above mentioned. The defendants then appealed from such judgment to the general term, where, in November, 1854, the cause was determined by a final affirmance, the court, in rendering their decision, adopting the opinion which had been filed at the preceding January term, when the order denying a new trial was affirmed. (See a full report of the case, on the merits, in 2 E. D. Smith, 268.)

*Samuel F. Clarkson*, for the plaintiff.

*Robert C. Embree* and *Walter Rutherford*, for the defendants.

By THE COURT. INGRAHAM, FIRST J.—Our practice always has been, where a judgment has been opened and a new trial ordered, but the judgment allowed to stand as security, to require a new judgment to be entered for the amount recovered on the second trial without reference to the previous judgment. Such, however, is not the present case. The plaintiff having recovered a verdict, entered up his judgment, which the defen-

dants moved to set aside. This motion was denied, but the notice of entry of judgment was set aside.

The defendant moved for a new trial; this motion was denied, and an appeal from such motion was made to the general term. On the hearing of such appeal, the order at special term was affirmed.

The order at general term on that appeal should have stopped here, but inadvertently it was further ordered that the judgment at special term should be affirmed. That part of the entry was erroneous, as no such judgment was the subject of the appeal. The appeal was merely from the denial by the judge at special term of a motion for a new trial. As the judgment had not been appealed from, there was no propriety in affirming it, and we should have properly corrected that error had a motion for that purpose been made to the court.

The order made at special term, in effect, produces the same result, so far as to vacate the judgment of affirmance thereupon entered. It was not necessary in that order to direct a new judgment of affirmance to be entered. If that is necessary, it can only be done on appeal to the general term. As no new notice of the entry of judgment had been served, the defendant is not too late to appeal to the general term and then to the Court of Appeals.

The first error in the entry of the decision of the court at general term, which has led to the subsequent errors in this matter, should be corrected, and with a view of relieving the case from all difficulty on that point, it is ordered that so much of the order entered 4th February, 1854, as directs the judgment at special term to be affirmed, be vacated; that the portion of the order at special term made on the 4th May, 1854, which directs a new judgment of affirmance to be entered up, be vacated, and that the residue of the said order vacating the judgment of affirmance, entered on the 7th day of February, 1854, be affirmed; that the plaintiff be at liberty to vacate the judgment heretofore entered by him and enter a new judgment for the amount recovered and costs, within ten days from the entry of this order, or may proceed to give a new notice of

entry of the said judgment, as he shall be advised, in lieu of the notice of entry of judgment which was ordered to be stricken out by the order of 27th December, 1852.

Ordered accordingly.